76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael PORRAS, Jr., Plaintiff-Appellant,
v.
KILBORN INTERNATIONAL, INC., f/k/a Kilborn Management
Services, Inc., a Colorado Corporation, Defendant-Appellee.
 No. 94-16712.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Jan. 26, 1996.
 
 Before: ALDISERT,* SCHROEDER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an action by Michael Porras against Kilborn Inc. and Kilborn Management Services, Inc. ("Kilborn") filed in district court and alleging violations of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Porras alleges racial and ethnic discrimination leading to constructive discharge, retaliation and a hostile work environment. The district court granted summary judgment to Kilborn on each of the claims, and Porras appeals.
 
 
 3
 Kilborn hired Porras to work as a structural engineer on a mining construction project in Elko, Nevada. At the time he was hired, Porras had lived in Elko for approximately two years but still owned a home in Denver from his previous residence there. His problems on the job began when he perceived that he and another Hispanic professional employee were denied per diem benefits received by other Anglo professional employees. Although Porras may well have believed that another Anglo professional, who had been hired in Elko, received the per diem, the record contains only hearsay evidence that the other employee was hired locally rather than out-of-state. The witness with firsthand knowledge of whether the Anglo employee's record was altered to reflect an out-of-state hire testified that it had not been altered. Accordingly, there is no genuine issue of material fact in this record as to whether the Hispanic professionals on the job site received racially disparate treatment in connection with the per diem. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109-12 (9th Cir.1991).
 
 
 4
 The record similarly fails to support a genuine issue of material fact with respect to Porras' other allegations. It shows that Kilborn had a legitimate, non-discriminatory reason for its employment decisions relating to Porras' work, vehicle and office assignments, and its refusal to buy expensive computer software at Porras' request.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3